# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAUL CRAWLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00887CAS(LMB) |
| ) | |
| JIM MOORE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Paul Crawley for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is presently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. See Respondent's Exhibit A at 194. On February 18, 1999, petitioner pled guilty to second degree robbery, and was sentenced to a term of ten years imprisonment in the Department of Corrections. See id. at 178. The trial court suspended execution of his sentence and placed petitioner on probation for a period of three years, with 120 days shock incarceration. See id. Petitioner was given credit for time served and his probation was transferred to the State of South Carolina. See id.

On September 28, 2000, petitioner waived his right to a probation revocation hearing and admitted that he violated his conditions of probation. See id. at 182. The trial court revoked petitioner's probation and deferred sentencing to January 4, 2001. See id. Petitioner did not appear

-1-

for sentencing on January 4, 2001. See id. at 187. Petitioner was later arrested. On November 26, 2002, the trial court ordered the previously imposed sentence of ten years executed. See id. at 194.

Petitioner filed a motion to vacate, set aside, or correct the judgment of the Circuit Court of St. Louis County, Missouri, pursuant to Missouri Supreme Court Rule 24.035, which was denied without an evidentiary hearing in October of 2003. See Document Number 1 at 4.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Pike County, Missouri, which was denied on April 7, 2004. See Petitioner's Exhibit C1. Petitioner also filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Eastern District, which was denied on April 20, 2004. See Pet's Ex. C2.

On July 16, 2004, 2004, petitioner, pro se, filed the instant petition for a writ of habeas corpus along with a Memorandum in Support, in which he raises two grounds for relief. (Docs. No. 1, 2). Petitioner first argues that he is actually innocent, as his plea was involuntary. Petitioner next argues that the information was defective in that it was missing an essential element of the offense charged. On August 19, 2004, respondent filed a Response to Order to Show Cause, in which respondent argues that the petition was untimely filed, and that petitioner has failed to exhaust his state remedies. (Doc. No. 9). Petitioner has filed a Response to Respondent's Motion to Dismiss the Writ of Habeas Corpus. (Doc. No. 13).

**Discussion**

**A.**   **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405, 120 S. Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410, 120 S. Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S. Ct. at 1522.

## B.     Timeliness Under the AEDPA

Respondent argues that petitioner's petition is untimely under the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner contends that the doctrine of equitable tolling should be applied because he was not aware of his claims until after the one-year period had expired.

The AEDPA imposed a one-year period of limitation on federal petitions for habeas corpus. The governing provision provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Additionally, §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Further, "for purposes of § 2244(d)(2), 'an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000)(quoting Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)).

Petitioner pled guilty and was sentenced on February 18, 1999. See Resp't Ex. A at 178. Petitioner's sentence was executed and petitioner was placed on probation for a period of three years, with 120 days shock incarceration. See id. Under Missouri law, a suspended execution of sentence is a final judgment. See State v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). Petitioner's conviction thus became final on February 18, 1999, as petitioner did not file a direct appeal of his conviction. Petitioner's post-conviction relief motion and state habeas petitions did not toll the statute of limitations because they were not filed during the one-year period. As such, petitioner's federal habeas corpus petition was due on February 18, 2000 and his petition filed on July 16, 2004 was untimely.

Petitioner argues that the doctrine of equitable tolling should apply. "Equitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing

a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). However, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded an infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002). Generally, such circumstances must be external to the petitioner, and even a claim of actual innocence is not sufficient to toll the statute of limitations. Id. at 976-77.

In this case, petitioner argues that equitable tolling should apply because he was unaware of his claim that his guilty plea was involuntary until "well-after his claim was time-barred under 28 U.S.C. § 2244(d)(1)." Doc. No. 13 at 4. Petitioner asserts the following theories in support of his claim that equitable tolling should apply: (1) the court did not explain the elements of the offense with which he was charged at the guilty plea hearing; (2) his attorney misled him into pleading guilty; (3) his attorney did not provide him with a copy of the information or police reports; and (4) the State misstated the evidence against him at the guilty plea hearing. Although petitioner claims that he did not discover his claims until well after the statute of limitations had run, all of petitioner's claims arose from the guilty plea hearing and therefore were discoverable to petitioner at that time. Petitioner has not demonstrated any extraordinary circumstances that prevented him from timely filing his petition nor has he alleged that the State lured him into inaction. Thus, equitable tolling is not warranted in this case .

Accordingly, the undersigned recommends that petitioner's petition be dismissed as untimely.

## C. Exhaustion of State Remedies

Respondent also argues that petitioner failed to exhaust his state remedies. Specifically, respondent contends that although petitioner filed a petition for writ of habeas corpus in the Circuit Court of Pike County, Missouri, he has not raised his claims in the Missouri Court of Appeals or the Missouri Supreme Court by filing a petition for writ of habeas corpus in those courts. In his Response, petitioner claims that he did file a petition for writ of habeas corpus in the Missouri Court of Appeals. Petitioner has attached a copy of the April 20, 2004 Order of the Missouri Court of Appeals denying the petition. See Pet's Ex. C2. Petitioner was not required to file habeas petitions in both the Missouri Court of Appeals and the Missouri Supreme Court. See Romano v. Wyrick, 681 F.2d 555, 557 (8th Cir. 1982) (holding that to exhaust his state remedies, petitioner should file a habeas petition either with the Missouri Court of Appeals or the Missouri Supreme Court but he "should not be required to do both."). Thus, petitioner has exhausted his state remedies.

## D. Petitioner's Claims

The undersigned has already found that petitioner's petition is untimely and has recommended that the petition be dismissed on this basis. Petitioner's claims fail on their merits as well.

Petitioner alleges two grounds for relief. In his first ground for relief, labeled "actual innocence," petitioner alleges that his plea was involuntary. Petitioner offers the following arguments in support of this claim: (1) he did not understand the essential elements of the crime with which he was charged; (2) the state failed to prove essential elements of the crime charged; (3) the state offered insufficient evidence to support a finding that petitioner used physical force as is required for the offense of robbery; (4) the prosecutor withheld evidence; (5) the plea court failed

to inform petitioner of the nature of the charge; (6) defense counsel failed to provide petitioner with a copy of the information and police reports; and (7) defense counsel failed to challenge the robbery charge on the ground that a material element of the offense was missing. In his second ground for relief, petitioner argues that the information was defective in that it was missing an essential element of the offense charged.

First, the record on its face tends to refute petitioner's claims of involuntariness of his plea. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the [petitioner's] representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). A state court's factual findings regarding the plea are presumed to be correct so long as they are fairly supported by the record. See Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994).

At petitioner's guilty plea hearing, the court carefully questioned petitioner to ensure that his plea was taken voluntarily:

> THE COURT: Now, you heard your attorney announce that you wish to withdraw your plea of not guilty and enter a plea of guilty to the charge pending before me. Is that what you want to do today?
>
> [PETITIONER]: Yes, ma'am.
>
> THE COURT: I have in front of me a plea form purportedly signed by you. At the time you signed it, did you read it and understand what you were doing?
>
> [PETITIONER]: Yes, ma'am.
>
> THE COURT: Does that, in fact, contain your signature?
>
> [PETITIONER]: Yes, ma'am.
>
> THE COURT: Are you under the influence of any drugs or alcohol?

[PETITIONER]: No, ma'am.

THE COURT: Are you taking medicine for any illness or injury?

[PETITIONER]: Just a dental procedure.

THE COURT: So you're taking medicine for that?

[PETITIONER]: Yes.

THE COURT: Does that prevent you from understanding and proceeding with what you're doing here today?

[PETITIONER]: No, ma'am.

\*\*\*

THE COURT: I'm going to ask the prosecutor to state what the evidence would be should this case go to trial. I want you to listen to what he has to say because I'm going to have some questions for you when he's finished.
    Mr. O'Brien.

[PROSECUTOR]: Judge, if this matter went to trial the State would prove beyond a reasonable doubt that on August 29th, 1998 at 15355 Manchester Road, that would be St. Louis County, the defendant forcibly stole a Microsoft networking training kit owned by Borders Books & Music.
    And the State would call officer--if this went to trial, the State would call Patrick Lynd. He would testify as to the manager of the store. He was the victim. He would testify that there was no consent. And we would also call Officer Paulino. He would testify as to the search, after the defendant was arrested.
    Basically, Judge, the evidence would show that this defendant stole this item. The manager tried to block his vehicle from leaving. The defendant tried to run him over, and then the defendant was caught shortly thereafter.

THE COURT: Is the evidence as stated by the prosecutor substantially correct?

[PETITIONER]: Yes, ma'am.

\*\*\*

THE COURT: Has anyone made any promises or threats to you or your family to induce you to plead guilty?

[PETITIONER]: No, ma'am.

\*\*\*

> THE COURT: Are you pleading guilty voluntarily and of your own free will because you are guilty as charged?
>
> [PETITIONER]: Yes, ma'am.
>
> THE COURT: Then how do you plead to the charge of robbery in the second degree, a class B felony?
>
> [PETITIONER]: Guilty.
>
> THE COURT: The Court finds that the defendant's plea of guilty is made voluntarily and intelligently with a full understanding of the charge and the consequences of the plea and with an understanding of his rights attending a jury trial and the effect of a plea of guilty on those rights.
> The Court also finds there is a factual basis for the plea and, therefore, the Court accepts the defendant's plea of guilty to the offense to which he is charged.

Resp't Ex. A at 3, 7, 10. This is strong evidence of the voluntariness of petitioner's plea of guilty.

Petitioner contends that the State offered insufficient evidence with which to convict him of second degree robbery. Petitioner also argues that the information was defective in that it was missing an essential element of the offense charged. The court advised petitioner of his right to a trial:

> THE COURT: And you understand that you would be entitled to a trial by jury instead of pleading guilty here today, and in such trial you understand that you'd be entitled to a jury of 12 persons; the services of your lawyer throughout the trial; that the jury would be instructed that you are presumed to be innocent; the State would be required to prove your guilty beyond a reasonable doubt and that the jury would be so instructed;
> That at the trial you have the right to testify as you choose and that no comment could be made by the Prosecuting Attorney or the Court about your failure to testify if you decide not to testify; that all 12 jurors would have to agree as to your guilt or you would not be found guilty;
> That the State is required to produce in open court its witnesses against you and your attorney would have the right to cross-examine those witnesses; and that you can present evidence and witnesses in your defense if you decided and you can have those persons subpoenaed to come to court to testify on your behalf, and finally you have the right to appeal a guilty verdict.
> You understand by pleading guilty here today you're waiving all those rights and that there will not be a trial?
>
> [PETITIONER]: Yes, ma'am.

Resp't Ex. A at 8-9. This exchange reveals that petitioner was advised of his right to a trial, including the State's burden to prove his guilt beyond a reasonable doubt, and chose to waive this right and plead guilty. The undersigned has already determined that petitioner's plea was voluntary. Petitioner waived his right to challenge the sufficiency of the evidence and the sufficiency of the information when he decided to plead guilty. Thus, these claims fail.

Petitioner also argues that defense counsel erred in failing to provide him with a copy of the information and police reports, and in failing to challenge the robbery charge on the ground that a material element of the offense was missing. A petitioner may only attack the voluntariness of the plea, showing that counsel's advice was defective. See Hanson v. Passer, 13 F.3d 275, 281 (8th Cir. 1994). "When a defendant is represented by counsel during the plea process and enters a plea upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Blalock v. Lockhart, 977 F.2d 1255, 1257 (8th Cir. 1992)(quoting Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985). The test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), applies to the determination of whether assistance of counsel during the plea process was constitutionally ineffective. See Hill, 474 U.S. at 57, 106 S. Ct. at 369-70. To successfully assert an ineffective assistance of counsel claim, a petitioner must show that (1) his attorney's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would manifest under similar circumstances, and (2) the deficient performance prejudiced the defense. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. A petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by Sixth Amendment." Id. Prejudice is shown by demonstrating a reasonable

probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on a trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370.

The record itself undermines petitioner's claims of ineffective assistance of counsel. The court questioned petitioner as follows regarding the assistance of counsel:

THE COURT: Has your attorney refused to comply with any of your requests?

[PETITIONER]: No, ma'am.

THE COURT: Has he answered all your questions?

[PETITIONER]: Yes, ma'am.

THE COURT: Have you been given enough time to discuss your case with your attorney?

[PETITIONER]: Yes, ma'am.

THE COURT: And any complaints or criticisms of him?

[PETITIONER]: No, ma'am.

THE COURT: Do you know of anything he could have done that he didn't do?

[PETITIONER]: No, ma'am.

THE COURT: Do you know of any witnesses he could have contacted but didn't contact?

[PETITIONER]: No, ma'am.

THE COURT: Has he investigated the case to your complete satisfaction?

[PETITIONER]: Yes, ma'am.

THE COURT: And do you believe you have been fully advised by your attorney as to all aspects of your case, including your legal rights and the possible consequences of your plea?

[PETITIONER]: Yes, ma'am.

THE COURT: Do you believe your attorney has adequately, completely and effectively represented you in your defense to this charge?

[PETITIONER]: Yes, ma'am.

Resp't Ex. A at 7-8. Petitioner has failed to establish deficient performance and resulting prejudice. As such, petitioner has failed to establish that counsel provided constitutionally ineffective performance sufficient to render petitioner's plea involuntary.

**E.     Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in her petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Paul Crawley for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days, until September 17, 2007, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  4th  day of September, 2007.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE